# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY DELAHOUSSAYE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. PEAR, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-01296-LJO-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

　　　Plaintiff Brad Delahoussaye ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 5, 2007.

　　　Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

1

1    In his complaint, plaintiff alleges that his appeal was screened out at the Director's Level
2 of review because it was filed late, and plaintiff includes the screening notice as evidence.
3 "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in
4 court." Jones v. Bock, 127 S.Ct. 910, 918-19 (2007) (citing Porter, 435 U.S. at 524). "Proper
5 exhaustion [, which] demands compliance with an agency's deadlines and other critical
6 procedural rules . . . ." is required, Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006), and may not
7 be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," id. at 2382.
8 In this instance, plaintiff's appeal was screened out as untimely. This constitutes a failure to
9 exhaust. Id. Because is it clear from the face of plaintiff's complaint that he did not exhaust
10 prior to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315
11 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds
12 for dismissal . . . ."). Accordingly, it is HEREBY RECOMMENDED that this action be
13 dismissed, without prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by
14 exhausting his claims prior to filing suit.

15    These Findings and Recommendations will be submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
17 **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file
18 written objections with the court. The document should be captioned "Objections to Magistrate
19 Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections
20 within the specified time may waive the right to appeal the District Court's order. Martinez v.
21 Ylst, 951 F.2d 1153 (9th Cir. 1991).

23    IT IS SO ORDERED.

24    Dated:   **September 10, 2007**          /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE