# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY DELAHOUSSAYE,<br><br>             Plaintiff,<br><br>    v.<br><br>D. PEAR, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:07-cv-01296-LJO-GSA PC<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE OBJECTION<br><br>(Doc. 9)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 11) |

Plaintiff Brad Delahoussaye ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 15, 2007, plaintiff filed a motion seeking the appointment of counsel, and a motion seeking an extension of time to file an objection to the findings and recommendations issued on September 11, 2007.

Plaintiff's motion for an extension of time shall be granted. Plaintiff has thirty days from the date of service of this order to file an objection.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings and given that the court has recommended dismissal of this action for failure to exhaust, the court cannot make a determination that plaintiff is likely to succeed on the merits. Finally, based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, plaintiff's motion for a **thirty (30) day** extension of time to file an objection to the findings and recommendations is GRANTED, and plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **October 25, 2007**               /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE