# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY DELAHOUSSAYE,<br><br>            Plaintiff,<br><br>       v.<br><br>D. PEAR, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-01296-LJO-GSA PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Docs. 1 and 7) |

Plaintiff Brad Delahoussaye ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On September 11, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. After obtaining two extensions of time, plaintiff filed an Objection on February 25, 2008.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Plaintiff's argument that his untimely grievance satisfied the exhaustion because it gave prison officials notice and an opportunity to respond, and because it was rejected at the highest level of review available to him is without merit in light of the current state of the law as identified by the Magistrate Judge. Plaintiff is required to exhaust regardless of the type of relief is he seeking in his

suit (e.g., only money damages). Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). Futility can no longer serve to excuse the exhaustion requirement, Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983 (2002), and the rejection of a grievance as untimely neither excuses the exhaustion requirement nor satisfies the exhaustion requirement, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382 (2006).

Because plaintiff's grievance was rejected as untimely, plaintiff has not satisfied the exhaustion requirement and dismissal of this action is required. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007). Leave to amend is not warranted because the deficiency is not curable by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). To the extent that prison officials are violating a consent decree or injunction issued in another case, as plaintiff contends, plaintiff's recourse for that violation is through notification to counsel in that case. Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed September 11, 2007, is adopted in full; and

2. This action is DISMISSED, without prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims prior to filing suit.

IT IS SO ORDERED.

**Dated:  February 27, 2008**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

2